[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter arises out of a dispute between attorneys as to fees obtained out of the handling and disposition of a negligence case. The client originally retained the defendant but in the course of the proceedings elected to switch counsel and went to the plaintiff firm who thereafter obtained a settlement and concluded the matter. The position then arose between the parties hereto involving the fee to be paid to the defendant for his services rendered to the client up to the time he turned over the file to plaintiffs. The dispute was not able to be resolved and they agreed to submit the question to a three-man panel of arbitrators. The submission to the arbitrators consisted simply for them to determine the fee to be paid to the defendant. Following a hearing during which the parties introduced their evidence and interpretation of the understanding of the fee arrangement, the arbitrators (with one dissenting) filed their award under date of July 18, 1995. Exhibit C attached to motion.
Of the fee paid by the client for her representation, the arbitrators simply awarded an amount to the plaintiffs and an amount to the defendant without further explanation and in accord with the submission which was to simply determine the fees due the respective parties.
The plaintiffs by their application seek to vacate this award or modify it claiming the arbitrators disregarded certain evidence and entered an award contrary to public policy and that the award was obtained by the defendant by corruption, fraud or undue means.
After hearing, the court concludes that the claim that the award was procured by corruption, fraud or undue means is without merit. While argument was presented that one of the arbitrator's remarked that he was involved in a fee dispute similar to the one presented in this matter, there is nothing to suggest that the disposition of this matter would have had any bearing as to the resolution of the arbitrators dispute. The court has no CT Page 2546 information as to how the arbitrators reached their decision; what evidence they deemed relevant, what weight was given to it, nor is it within the scope of this court's review to consider such.
The court finds that the parties agreed to arbitration, that they agreed to an unrestricted submission and consequently the court's review of this matter is limited to a comparison between the submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission. Bodner v. United Services Automobile Ass'n., 222 Conn. 480,488. If the parties mutually agree to submit their dispute to arbitration, the resulting award is not reviewable for errors of law or fact.
The court finds in this matter that a simple question was submitted to the arbitrators and after hearing and deliberation they rendered their decision in response to the submission. Accordingly, the petitioner's application is dismissed.
George W. Ripley, Judge